Shaw, C. J.
It is a little difficult to ascertain from this petition, whether the petitioner seeks damages for injury to his property, occasioned by the laying out of -the turnpike as a highway, pursuant to Rev. Sts. c. 24, § 11; c. 39, §§ 16, 17, 18; or for damages occasioned by specific repairs, affecting the grading and level of the road, pursuant to St. 1842, c. 86, *362 §§ 2, 3. But whether the one or the other, the application comes too late.
If any damage could be claimed by the petitioner, as an adjacent proprietor, which by Rev. Sts. c. 39, § 17, must be very small, if any, application for a jury, by Rev. Sts. c. 24, § 14, must be made at the same meeting, or at the next succeeding meeting, or within a further time, not exceeding six months. But it is argued, that this provision applies only when the commissioners have estimated some damages, which the party aggrieved may think too small. The provision, § 11, is, that if damage shall be sustained by any persons in their property, the commissioners shall estimate and return the same. Now, if no damage is returned, the conclusion is, that in the judgment of the commissioners none has been sustained; it is a judgment against his claim for any damages, and if the party is aggrieved by such judgment, it is a case within the statute, and he must petition for a jury within the time limited; otherwise, he acquiesces in such judgment.
If this is a claim for damages occasioned by specific repairs, as by raising or lowering the grade of the road to the injury of the petitioner, it depends on Si. 1842, c. 86, §§ 2, 3, providing that whenever the commissioners shall order specific repairs, which shall occasion damage, the commissioners shall estimate .the same and make return thereof, as damages are required to be estimated, on laying out a highway. There the same rule applies; if the commissioners return no damage for an individual, it is equivalent to their judgment, that he has sustained none, and then the party aggrieved may, by § 3, have a jury, provided the application be made within six months after the commissioners shall have made their order.
Now, without deciding which of the orders of the commissioners occasioned the damage stated by the petitioner, and taking the date of the last, by which they allowed the bill of the agent, after the alterations were completed, as most favorable to him, it was almost a year and a half, from April, 1848, to August, 1849, before his application was made to the commissioners. The averment that he applied to the selectmen of Taunton, seems to be wholly inapplicable.
*363 The court are of opinion that the application, in either view, was too late, and the decision of the county commissioners rejecting it, right. Petition dismissed.